UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE:<br><br>HILDA SHACKLEFORD SAFFORD<br><br>DEBTOR | CHAPTER 13<br><br>CASE NO. 24-04496-5-JNC |

### AMENDED MOTION TO RECONSIDER ORDER CONFIRMATING CHAPTER 13 PLAN

NOW COMES United Bank, successor by merger to First South Bank, by and through its attorney Eudora F. S. Arthur, to move the Court to Reconsider the Order Confirming Chapter 13 Plan entered March 13, 2025 [ECF No. 15], (the "Motion") and in support of said Motion, United Bank shows respectfully unto the Court:

1. On December 30, 2024, the Debtor filed with this Court a petition under Chapter 13 of Bankruptcy Code. Troy Staley has been appointed and is serving as Chapter 13 Trustee in this matter. Vol. Pet., ECF No. 1.

2. On January 29, 2025, United Bank filed a proof of claim in the amount of $29,261.48, with interest accruing at a rate of 8.5% pursuant to a Home Equity Line of Credit (the "HELOC") extended to the Debtor in the principal amount of $30,000 on or about September 28, 2009 ("Claim No. 4"). *Claims Register*, Claim No. 4-1.

3. In connection with the HELOC, the Debtor executed a Deed of Trust granting United Bank a security interest in real property located at 314 E Washington Ave, Kinston, North Carolina, which is the Debtor's principal residence (the "Principal Residence").

WBD (US) 4902-0453-7134

4.  On December 30, 2024, Debtor filed a Chapter 13 Plan proposing to pay United Bank the balance of the HELOC with 0% interest over the life of the plan (the "Chapter 13 Plan"). Plan, ECF No. 2.

5.  United Bank mistakenly believed the Claim would be paid over the life of the plan at the contract interest rate because United Bank's claim is secured by a lien on the Debtor's Principal Residence. Because an objection was not filed prior to confirmation, on March 11, 2025, the Court confirmed the Debtor's Chapter 13 plan as written.

6.  On March 13, 2025, the Court entered an order confirming the Debtor's Chapter 13 Plan (the "Confirmation Order"). Order, ECF No. 15.

## BASIS FOR RELIEF

The Court has the power to reconsider the Confirmation Order pursuant to Federal Rule 60(b)(6), made applicable pursuant to Bankruptcy Rule 9024, which provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgement, order or proceeding for . . . (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(6); *see also In re TP, Inc.*, 486 B.R. 698 (Bankr. E.D.N.C. 2013).

Section 1322(b)(2) of the Bankruptcy Code provides, in relevant part:

> Subject to subsections (a) and (c) of this section, the plan may . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322(b)(2).

The limitation on the modification of the rights of holders of secured claims is commonly known as the "anti-modification clause." This clause prevents reduction of such claims, ensuring the creditor's rights as established under state law and the original terms are preserved. In addition to exceptions for wholly unsecured junior liens and claims secured by property other than a debtor's principal residence, Section 1322(c)(2) provides another exception to the anti-modification clause:

> Notwithstanding subsection (b)(2) and applicable nonbankruptcy law . . . in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. §1322(c)(2).

Section 1325 mandates that the court confirm a plan if, *inter alia*, with respect to each allowed secured claim provided for by the plan, (1) the holder of such claim accepts the plan, (2) the plan provides that the holder of such claim retain the lien securing the claim and the value of any property to be distributed under the plan on account of the claim is not less than the amount of the claim, or (3) the debtor surrenders to the holder of any such claim the property securing the claim. This is an *exhaustive* list of conditions under which to confirm a plan: pay, modify, or surrender. Because the exception only allows for modification pursuant to §1325(a)(5), a claim subject to the anti-modification clause must also fall within the exception of §1322(c)(2) to be modified and must also be *modifiable* by § 1325(a)(5).

Here, the Chapter 13 Plan impermissibly modifies Claim No. 4 by cramming down the interest accruing on Claim No. 4. Such a modification is prohibited by § 1322 of the Bankruptcy

Code, as United Bank is a holder of a claim "secured only by a security interest in real property that is the debtor's principal residence." Though the HELOC matured before the last payment of the plan is due and thus falls within the exception of §1322(c)(2), the Chapter 13 Plan modifies Claim No. 4 outside of the scope of §1325(a)(5). As the Fourth Circuit opined, "the 'very essence of a [Section] 1325(a)(5) modification is the write down or 'cramdown' of a secured claim to the value of the collateral securing the debt." *Hurlburt v. Black*, 925 F.3d 154, 163 (4th Cir. 2019) (citing *In re Young*, 199 B.R. at 647–48). The Chapter 13 Plan does not cram down the claim to the value of the collateral, but rather crams down the interest rate on a claim fully secured by the Debtor's principal residence, which is not permitted by the Code.

United Bank in the review of the proposed Chapter 13 Plan. The Bankruptcy Code does not permit such treatment of United Bank's Claim secured by an interest in the debtor's principal residence. Therefore, the Court should reconsider confirmation of the Plan.

United Bank and Debtor's counsel have met and conferred regarding the Order Confirming Chapter 13 Plan, United Bank's treatment, and this motion to reconsider. Debtor does not oppose this Motion.

WHEREFORE, United Bank prays for the Court to:

1. Reconsider confirmation of the Plan;

2. In the alternative, amend the Plan to provide for the appropriate interest rate and payment of United Bank's claim; and

3. For any such other and further relief as the Court may find just and proper.

WBD (US) 4902-0453-7134

Dated: March 25, 2025                     WOMBLE BOND DICKINSON (US) LLP

                                                        By:    /s/ Eudora F. S. Arthur
                                                                NC State Bar No. 26492
                                                                Eudora F. S. Arthur
                                                                NC State Bar No. 59854
                                                                555 Fayetteville Street, Suite 1100
                                                                Raleigh, NC 27601
                                                                Telephone: (919) 755-2178
                                                                dorie.arthur@wbd-us.com

                                                                *Attorneys for United Bank*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**HILDA SHACKLEFORD SAFFORD**<br><br>**DEBTOR** | **CHAPTER 13**<br><br>**CASE NO. 24-04496-5-JNC** |

### PROPOSED ORDER GRANTING MOTION TO RECONSIDER

Upon consideration of the Motion of United Bank to Reconsider Order Confirming Chapter 13 Plan (ECF No. 15) (the "<u>Motion</u>"); and it appearing that the Court has jurisdiction over this Order pursuant to 28 U.S.C. § 157; and the Court having determined that the Order Confirming Chapter 13 Plan was entered as proposed inadvertently and includes a clear error of law, based upon the Motion and for good cause shown therein, this Court is of the opinion the Motion should be **GRANTED.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Order Confirming Chapter 13 Plan [D.E. #15] is hereby vacated.

WBD (US) 4902-0453-7134

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE:<br><br>HILDA SHACKLEFORD SAFFORD<br><br>DEBTOR | CHAPTER 13<br><br>CASE NO. 24-04496-5-JNC |

## NOTICE OF MOTION

The party represented by counsel below has filed the following papers with the court: Motion to Reconsider Order Confirming Chapter 13 Plan (the "Motion").

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then on or before **April 11, 2025**, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
P.O. Box 791
Raleigh, NC 27602

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601

Troy Staley
Chapter 13 Trustee
P.O. Box 1619
New Bern, NC 28563-1618

WBD (US) 4902-0453-7134

    If responses to the Motion are filed on or before the date set above, a hearing will be conducted on the motion at a date, time, and place to be later set and all parties will be notified accordingly.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: March 25, 2025

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
Eudora F. S. Arthur
NC State Bar No. 59854
E-Mail: dorie.arthur@wbd-us.com
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2178

*Attorneys for United Bank*

WBD (US) 4902-0453-7134

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing AMENDED MOTION TO RECONSIDER ORDER CONFIRMING CHAPTER 13 PLAN and NOTICE was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service have been served by depositing a copy thereof in the United States mail, postage pre-paid.

Hilda Shackleford Safford  
314 E. Washington Ave.  
Kinston, NC 28501-4461

Lindsay M. Parker  
Counsel for the Debtor  
*Served via CM/ECF*

Troy Staley  
Chapter 13 Trustee  
*Served via CM/ECF*

Served on the Attached Matrix

Dated: March 25, 2025

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur  
Eudora F. S. Arthur  
NC State Bar No. 59854  
E-Mail: dorie.arthur@wbd-us.com  
555 Fayetteville Street, Suite 1100  
Raleigh, North Carolina 27601  
Telephone: (919) 755-2178

*Attorneys for United Bank*

WBD (US) 4902-0453-7134

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 24-04496-5-JNC<br>Eastern District of North Carolina<br>Raleigh<br>Tue Mar 25 15:59:26 EDT 2025 | Bankruptcy Administrator<br>Two Hannover Square, Ste. 640<br>434 Fayetteville Street<br>Raleigh, NC 27601-1701 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| U. S. Bankruptcy Court<br>300 Fayetteville Street, 4th Floor<br>P.O. Box 791<br>Raleigh, NC 27602-0791 | Ashro<br>Attn: Bankruptcy<br>1112 7th Ave<br>Monroe, WI 53566-1364 | Eudora F. S. Arthur<br>555 Fayetteville Street<br>Suite 1100<br>Raleigh, NC 27601-3034 |
| (p)FARMERS FURNITURE<br>ATTN CORPORATE CREDIT DEPT<br>PO BOX 1140<br>DUBLIN GA 31040-1140 | IRS<br>Attn: Managing Agent<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Lenior County Tax Department<br>Attn: Managing Agent<br>101 N Queen Street<br>Kinston, NC 28501-4927 | Merrick Bank<br>Attn: Bankruptcy<br>P.O. Box 5000<br>Draper, UT 84020-5000 | Merrick Bank<br>c/o Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC  29603-0368 |
| Midnight Velvet<br>Attn: Bankruptcy<br>1112 Seventh Ave<br>Monroe, WI 53566-1364 | Monroe & Main<br>Attn: Bankruptcy<br>1112 7th Avenue<br>Monroe, WI 53566-1364 | Montgomery Ward<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| National Finance<br>Attn: Managing Agent<br>405 W Vernon Avenue<br>Kinston, NC 28501-3737 | National Finance Company, Inc<br>Bankruptcy Section<br>151 Pinnacle Place<br>Little River, SC 29566-7217 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | United Bank<br>Attn: Managing Agent<br>7792 Church Street<br>Millington, TN 38053-2434 | United Bank<br>c/o Eudora F. S. Arthur<br>555 Fayetteville Street<br>Suite 1100<br>Raleigh, NC 27601-3034 |
| Hilda Shackleford Safford<br>314 E Washington Ave.<br>Kinston, NC 28501-4461 | Lindsay M. Parker<br>Gillespie & Murphy PA<br>PO Drawer 888<br>New Bern, NC 28563-0888 | Troy Staley<br>PO Box 1618<br>New Bern, NC 28563-1618 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Insolvency Support Services<br>320 Federal Place, Room 335<br>Greensboro, NC 27401 | Farmers Home Furniture<br>Attn: Bankruptcy<br>Po Box 1140<br>Dublin, GA 31040 | (d)Farmers Home Furniture<br>Attn: Corporate Credit Department<br>P.O. Box 1140<br>Dublin, GA 31040 |

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)United Bank

End of Label Matrix
Mailable recipients   23
Bypassed recipients    1
Total                 24